FILED
...I CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 28 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CANDACE HARPER, Individually and on          :
Behalf of All Other Persons Similarly Situated,   :
                                                         :
                          Plaintiffs,            :
                                                         :
            -against-                            :
                                                         :
GOVERNMENT EMPLOYEES INSURANCE          :
COMPANY a/k/a GEICO,                       :
                                                         :
                          Defendant.           :
-----------------------------------------------------------X

No.

**COMPLAINT AND
JURY DEMAND**

WEXLER, J.

LINDSAY, M.J.

## INTRODUCTION

This action is brought on behalf of all claims examiners, claims representatives,

customer service representatives, liability examiners, and individuals holding comparable

positions with different titles employed by Government Employees Insurance Company

a/k/a GEICO. ("Defendant" or "GEICO") within the United States.  Defendant

misclassified Plaintiff and other similarly situated employees as exempt under federal and

state overtime laws and failed to pay them for all hours worked by them as well as

overtime pay for hours above 40 in a workweek.

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of herself and other current and former claims

examiners, claims representatives, customer service representatives, liability examiners

and similarly situated current and former employees holding comparable positions with

different titles, employed by Defendant in the United States, who elect to opt into this

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b)(the

"Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for

all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains, pursuant to Fed.R.Civ.P. 23, on behalf of herself and a class of other similarly situated current and former claims examiners, claims representatives, customer service representatives and liability examiners of the Defendant employed within the State of New York (the "New York Labor Law Class"), that they are entitled to back wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.     Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has jurisdiction over Plaintiff's state law claims pursuant to pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

5.     Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendant.

6.     Plaintiff's claims involve matters of national or interstate interest.

7.     Defendant is subject to personal jurisdiction in New York.

8.     This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, since it is so related to her FLSA claim that it forms part of the same case or controversy.

9.     Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11.    Plaintiff Candace Harper was, at all relevant times, an adult individual, residing in Nassau County, New York.

12.    Plaintiff was employed by Defendant from in or about June 2001 until in or about April 2009.

13.    Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked by her as well as overtime compensation as required by federal and state laws.

14.    Upon information and belief, GEICO, is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 5260 Western Avenue, Chevy Chase, Md. 20815.  According to its website, GEICO is the third-largest private passenger auto insurer in the United States and is the fastest-growing major auto insurer in the United States.

15.    Defendant employs 23,000 associates in 12 major offices around the country.

16.    Defendant was and is doing business in the Eastern District of New York.

## COLLECTIVE ACTION ALLEGATIONS

17.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since May 26, 2006 to the entry of judgment in this case (the "Collective Action Period) as claims examiners, claims representatives, customer service representatives, liability examiners, and individuals holding comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Members").

18.    This Collective Action Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendant, upon information and belief, there are hundreds of members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

19.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

20.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

4

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

21.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

     a.  whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

     b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

     c.  whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4;

     d.  whether Defendant failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated there under;

     e.  whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and

      f.   whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

22.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

23.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24.    Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since May 26, 2003, in the State of New York to the entry of judgment in this case (the "Class Period"), who held the position of claims examiners, claims representatives, customer service representatives, liability examiners, and individuals holding comparable positions with different titles, who were non-exempt employees within the meaning of the New York Labor Law and who have not been paid for all hours worked by them as well as overtime wages in violation of the New York Labor Law (the "Class").

25.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of Class during the Class Period.

26.    The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

27.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

28.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

29.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

30.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.  whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;
>
> b.  what proof of hours worked is sufficient where an employer fails in its duty to maintain time records;
>
> c.  whether Defendant failed and/or refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    d.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    e.  whether Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

31.   Defendant GEICO is the third-largest private passenger auto insurer in the United States, with 12 major offices around the country, including one within the State of New York.

32.   At all relevant times, Plaintiff was employed as a claims examiner for Defendant.

33.   Plaintiff's duties included but were not limited to, comparing data on claim applications, death certificates, and/or physician's statement with policy file and other company records to ascertain completeness and validity of claim, receiving and handling inquiries from policyholders, claimants, attorneys and repair shops regarding claims.

34.   Plaintiff's duties did not include the hiring and firing of employees.

35.   Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

36.   The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment. Rather, it involved many insignificant duties and duties identical to other non-exempt positions.

37.     Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for all hours worked by her, as well as overtime compensation of one and one-half times her regular rate of pay in violation of the FLSA and the New York Labor Law.  Upon information and belief, it is Defendant's uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

38.     Plaintiff was employed by the Defendant from in or about June 2001 until in or about April 2009.  Throughout that time and, upon information belief, both before that time (throughout the Collective Action/Class Period) and continuing until today, Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions such as claims examiners, claims representatives, customer service representatives, liability examiners and other comparable positions with different titles, that require little skill and no capital investment and their duties and responsibilities do not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

39.     Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and the New York Labor Law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

40.     Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members/the Class, Defendant failed to maintain accurate and sufficient time records.

41.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the Collective Action Members/the Class, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NYLL.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

42.     Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 41 as if they were set forth again herein.

43.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

45.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

46.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47.     At all relevant times, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation to their claims examiners, claims representatives, customer service representatives, liability examiners and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek.

48.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continues to violates, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     As a result of Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

51.     Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled to recover from Defendant, their unpaid wages for all of the hours worked by them, as overtime compensation, an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA and for its

unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

52.     Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 41 as if they were set forth again herein.

53.     At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

54.     Defendant willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

55.     Defendant's New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

56.     Due to Defendant's New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1). Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statue of limitations;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the New York Labor Law;

e.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only;

f.  An award of prejudgment and post-judgment interest;

g.      An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the Complaint.


Dated: New York, New York
        May 27, 2009

By: _____
        Fran L. Rudich

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Robert M. Byrne
Marilyn McGoldrick*
Edwin L. Wallace*
Joseph R. Donohue*
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone:     (617) 720-1333

Bradley I. Berger
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone:  (212) 571-1900

### **ATTORNEYS FOR PLAINTIFFS**

*Pro Hac Application to be submitted

14