UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CANDACE HARPER, Individually and on :
Behalf of All Other Persons Similarly Situated, :
                                                :
                        Plaintiffs,             :
                                                :    09-cv-2254 (LDW) (ARL)
        -against-                               :
                                                :
GOVERNMENT EMPLOYEES INSURANCE  :
COMPANY a/k/a GEICO,                            :
                                                :
                        Defendant.              :
-----------------------------------------------------------------X

# PLAINTIFF'S BRIEF IN SUPPORT OF
# MOTION FOR CONDITIONAL CERTIFICATION

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Robert M. Byrne
Marilyn McGoldrick*
Edwin L. Wallace*
Joseph R. Donohue*
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone:  (617) 720-1333

Bradley I. Berger
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone:  (212) 571-1900

**ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  PERTINENT FACTS AND PROCEDURAL HISTORY ..................................................... 1

   A.  The Nature of Plaintiff's Legal Claims .............................................................................. 1

   B.  The Deposition Testimony of Defendant's Corporate Representative, The Plaintiff,
       TA II Supervisor and the Documentary Evidence Demonstrate TCR I, TA I, TCR II,
       and TA II Employees Are Similarly Situated .................................................................... 3

III. ARGUMENT ......................................................................................................................... 6

   A.  Conditional Certification Under the FLSA ....................................................................... 6

   B.  Plaintiff's Burden is Minimal at the Notice Stage ............................................................. 7

   C.  Plaintiff's FLSA Claim Should be Conditionally Certified ............................................. 11

IV.  CONCLUSION ................................................................................................................... 14

# **TABLE OF AUTHORITIES**

Cases:

*Aquilino v. The Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084 (D.N.J. Sept. 6, 2006) ............ 6

*Blasi v. United Fin. Mgmt. Group, Inc,*, 2007 U.S. Dist. LEXIS 11466
   (M.D. Pa. Feb. 1, 2007) ................................................................................................ 13, 14

*Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 1342 (N.D. Ga. 2002)................................ 13

*Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978) ............................. 7

*Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464 (D.N.J. 2000)........................................... 11

*Cohen v. Gerson Lehrman Group, Inc.*, 2010 U.S. Dist. LEXIS 1666 (S.D.N.Y. Jan. 7, 2010).. 10

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) .............................................................. 11

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007)............................................ 7

*Damassia v. Duane Reade*, *Inc.*, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 4, 2006) ...... 8, 12

*Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418 (M.D. Ala. 1991) ................................... 6

*Goldman v. RadioShack Corp.*, 2003 U.S. Dist. LEXIS 7611 (E.D. Pa. Apr. 17, 2003) ............. 13

*Gortat v. Capala Bros., Inc.*, 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ........................... 10, 11

*Harris v. Healthcare Servs. Group, Inc.*, 2007 U.S. Dist. LEXIS 55221
   (E.D. Pa. July 31, 2007)........................................................................................................ 13

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)...................................................... *passim*

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ........................................................ 7

*Indergit v. Rite Aid Corp.*, 2010 WL 2465488 (S.D.N.Y. June 16, 2010).................................... 10

*Kenyatta-Bean v. Hous. Auth. Of New Orleans*, 2005 U.S. Dist. LEXIS 36667
   (E.D. La. Nov. 18, 2005) ........................................................................................................ 6

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ............................... 9, 11

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) .................................................... 8

*Mazur v. Olek Lejbzon & Co.*, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005)............. 9

*Mentor v. Imperial Parking Sys., Inc*, 246 F.R.D. 178 (S.D.N.Y. 2007) ......................................... 9

*Morgan v. Family Dollar Stores*, *Inc.*, 551 F.3d 1233 (11th Cir. 2008) ....................................... 13

*Patton v. Thomson Corp.*, 364 F. Supp.2d 263 (E.D.N.Y. 2005) ............................................... 2, 7

*Pham v. Oak Street Mortgage, LLC,* 2007 U.S. Dist. LEXIS 6377 (E.D. Pa. Jan. 30, 2007) ........ 6

*Rahman v. Cargill Meat Solutions Corp.*, 2006 U.S. Dist. LEXIS 57333
   (M.D. Pa. Aug. 14, 2006) ...................................................................................................... 7

*Ravenell v. AVIS*, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010) ...................... 8, 10, 12

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ..................................... 9-10

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234 (N.D.N.Y. 2002) ........................ 2, 9

*Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ........... 9

*Smith v. Lowe's Cos., Inc.*, 2005 U.S. Dist. LEXIS 9763 (S.D. Ohio May 11, 2005) .................. 11

*Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602 (C.D. Cal. 2005) ......................................... 13

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............................................... 9

Rules and Statutes:

29 U.S.C. 201 *et seq* (Fair Labor Standards Act). ................................................................ *passim*

29 U.S.C. 216(b) .................................................................................................................. *passim*

Fed. R. Civ. P. 23 ................................................................................................................... 1, 10

I.   **INTRODUCTION**

Plaintiff Candace Harper ("Ms. Harper" and "Plaintiff") submits this brief in support of her Motion for Conditional Certification ("Motion").[1] As discussed herein, the Court should grant the Motion, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), so that additional current and former employees of Defendant Government Employees Insurance Company a/k/a GEICO ("GEICO" and "Defendant") who were in two related jobs can be promptly notified of their right to participate in this lawsuit and so that the litigation can promptly proceed to a resolution of the issues presented.

II.   **PERTINENT FACTS AND PROCEDURAL HISTORY**

   A. *The Nature of Plaintiff's Legal Claims*

Plaintiff's Complaint, filed on May 28, 2009, alleges violations of the FLSA on behalf of herself and similarly situated employees pursuant to 29 U.S.C. § 216(b). *See* Complaint (ECF Doc. 1). Defendant is the third-largest private passenger auto insurer in the United States and purports to be the fastest growing auto insurer in the United States. *See id.* at ¶ 14. Defendant employs 23,000 associates in 12 major offices around the country. *See id.* at ¶ 15. Plaintiff is among the many current or former employees who were employed as claims examiners, claims representatives, customer service representatives, and liability examiners. *See id.* at ¶ 1.

Plaintiff alleges that Defendant violated the FLSA by failing to pay her and others overtime pay for hours worked in excess of 40 hours a week. *See* Complaint (ECF Doc. 1) at ¶¶ 1, 13, 37, 39, 47-48; Harper Dep. p. 7, 9-10, attached as Exhibit A to the accompanying Declaration of Seth R. Lesser ("Lesser Dec."). As is relevant here, and specific to this motion, Plaintiff moves on behalf of herself and all GEICO employees (except for those in the State of California) who, within the statute of limitations period, were employed within the related and

---

[1] Plaintiff is moving solely for FLSA collective action certification and is not moving under Rule 23 for any claims.

1

similar positions of Telephone Claim Representative I ("TCR I"), Telephone Adjuster Examiner I ("TA I"), Telephone Claim Representative II ("TCR II"), and Telephone Adjuster Examiner II "TA II") for collective action treatment under the FLSA.[2] Plaintiff alleges that Defendant's classification of these positions as "exempt" employees under the FLSA was wrongful because they performed or perform work that requires:

> little skill and no capital investment and their duties and responsibilities do not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

*See* Complaint (ECF Doc. 1) at ¶ 38. Accordingly, Plaintiff pursues the FLSA claim on behalf of a proposed class consisting of herself and all persons who are or were formerly employed by Defendant in the United States, except for in the State of California, at any time since May 26, 2006 to the entry of judgment in this case (the "Collective Action Period") as Telephone Claim Representative I, Telephone Adjuster I, Telephone Claim Representative II, and Telephone Adjuster II.[3] Defendant denies that it misclassified Plaintiff or anyone within the putative collective class. *See* Answer (ECF Doc. 5) at First Affirmative Defense.

---

[2] In the event that the Court conditionally certifies this action as a collective action, Plaintiff will undertake to meet and confer with Defendant on the form of notice to be sent. In order for Plaintiff to provide these individuals with notice of the action as contemplated by the law, Defendant will have to produce their names and updated contact information to Plaintiff. *See Hoffman-La Roche v. Sperling*, 493 U.S. at 165, 170 (1989); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 241 (N.D.N.Y. 2002). As is routinely done, Plaintiff, therefore, requests that in addition to certifying the collective action, the Court also order Defendant to produce to Plaintiff the following within two weeks of its order:

> A list, in electronic format, of all persons employed by Defendant as Telephone Claim Representative I, Telephone Adjuster Examiner I, Telephone Claim Representative II, and Telephone Adjuster Examiner II, three years from the date of the order to the present including: name, address, telephone number, dates of employment, location of employment, employee number, if any, and date of birth.

[3] As discussed in Section III.C. *infra*, the statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiff's complaint. Thus, as indicated in the accompanying proposed order, Plaintiff seeks the conditional certification of a FLSA class of all individuals who were employed by Defendant as Telephone Claims Representative I, Telephone Adjuster Examiner I, Telephone Claims Representative II, and Telephone Adjuster Examiner II at any time arising three years prior to the conditional certification date.

2

B.  *The Deposition Testimony of Defendant's Corporate Representative, The Plaintiff, TA II Supervisor and the Documentary Evidence Demonstrate TCR I, TA I, TCR II, and TA II Employees Are Similarly Situated*

The deposition of John Pham, a designated Rule 30(b)(6) representative, took place on March 24, 2010.  At the deposition, Mr. Pham agreed that all TCR I, TA I, TCR II, and TA II employees have uniform job duties and responsibilities.  Pham Dep. at 16-18, attached as Exhibit C to Lesser Dec.; *see also* GEICO.00254, GEICO.00255, GEICO.00275-00277, attached as Exhibit B to Lesser Dec.  In short, these employees work on the telephone and address basic customer issues with them.  *Id*., Pham Dep. at 18; Harris-Grant Dep. at 15, attached as Exhibit D to Lesser Dec.  TCR Is essentially "investigate and resolve coverage for claims involving property damage and not bodily injury where there is some question as to liability."  Pham Dep. at 19.  TA Is perform the same job as TCR Is.  Pham Dep. at 17 ("Q:  It is just a different name for the same job?  A:  Yes.").  The difference between TCR IIs and TA IIs and TCR Is and TA Is is that TCR IIs and TA IIs also handle bodily injury claims as well as property damage.  *Id.* at 51-52, 56-59.  And, as with the TCR Is and TA Is, the jobs of TCR IIs and TA IIs are interchangeable.  *Id.*

No matter what operating region of the country in which these TCR Is, TA Is, TCR IIs, and TA IIs work, their work is essentially the same.  Pham Dep. at 44 ("Q:  Is it substantially similar?  A:  Probably."); *see generally* Pham Dep. at 58-65.  The differences only relate, to use Mr. Pham's words, to "nuances" relating to state-specific laws and claims policies and procedures.  *Id*.  (admitting similarities across the jobs across the country). Thus, for instance, all TCR Is throughout the company analyze information and determine the company's liability under policy contracts, *see* Pham Dep. at 68-69 ("they all do that same general and material function for GEICO"), GEICO.00254, and all TCR Is throughout the company determine

3

possible payment recovery. Pham Dep. at 69. These positions have a uniform set of job duties, as established by GEICO. *See* Pham Dep. at 52-53 (TCR II/TA II job description same for all TCR II/TA IIs except those in the State of California); GEICO.00254, GEICO.00275-276. Each has a similar job level and salary structure. Pham Dep. at 49-51.

The differences that exist were described by Mr. Pham as going to such a matter as the threshold level at which a TCR or TA cannot handle a claim but rather has to have a claim handled by a more senior employee. *See* Pham Dep. at 68, 73 (describing how the system that each TCR uses is the same throughout the company but input values might differ from state to state). These kinds of distinctions, however, do not go to the nature of these employees fundamentally performing the same job. Indeed, as demonstrated by the corporate documents, there is no difference as to the fundamental role played by TCR Is, TA Is, TCR IIs, and TA IIs – all perform the same fundamental jobs. For example, irrespective of where these employees are in the country, the manual describing how claims are handled is identical and generated by GEICO's home office. Pham Dep. 104-5; Claims Manual, attached as Exhibit E to the Lesser Dec. When additional training materials for these jobs are needed, they also come out of the home office. Pham Dep. at 105-06. Likewise, the software they use is the same. Pham Dep. at 106. Critically, for FLSA similarly situated purposes, none of these jobs are paid overtime. Pham Dep. at 73-74. And no consideration is given as to where the office that the employee works for FLSA purposes (except and only for the State of California) – the volume of claims at the office does not matter, the state the office is in does not matter, the employee's past claims experience does not matter, and the employee's job reviews do not matter. Pham Dep. at 81-83.

Plaintiff's deposition confirmed the essential nature of her job being consistent with what the corporate representative admitted and the corporate documents show. Additionally, her

testimony demonstrates how an actual TCR II worked in excess of 40 hours a week and was not paid overtime. As here relevant, from November 13, 2004 until April 23, 2009, Plaintiff was a TCR II. Harper Dep. at 7. As a TCR II, Plaintiff routinely worked over 40 hours during a seven-day workweek. Plaintiff was scheduled to work Monday through Friday from 7:30 a.m. to 4:00 p.m. or 4:30 p.m. *Id*. at 10-11. Plaintiff testified that, during a typical workweek, she would work from approximately 7:00 a.m. until 5:30 p.m. Monday through Friday. Harper Dep. at 11. However, she often also worked five hour shifts on Saturday and Sunday. *Id*. at 11-12. Plaintiff did not receive overtime pay for any hours worked in excess of 40 as a TCR II. *Id*. at 7. As she testified, GEICO classified TCR IIs as exempt employees who performed the same job functions, attended the same centralized training courses, and were subject to the same pay practices. *Id*. at 7, 221-22.

In addition to the foregoing, which more than suffices for purposes of collective action certification (*see* pages 6-10, below), another deposition was also taken, that of Marlene Harris-Grant on May 3, 2010. She is employed at GEICO as a Telephone Adjuster Examiner Supervisor II ("TA II Supervisor"). Harris-Grant Dep. at 7. Ms. Harris-Grant testified that the TA I position is the exact same position as a TCR I, and that the TCR Is have the "same duties" as TA Is and TA IIs except that TA Is do not handle bodily injury claims. *Id*. at 14-15. These employees work on the telephone and address basic customer issues with them. *Id*. at 21. All Telephone Claims Representatives (both I and II) and Telephone Adjuster Examiners (both I and II) throughout the country attend a centralized training school and follow a Claims Manual which provides direction regarding claims handling processes and procedures and standardized reference documents for use when handling a claim. Harris-Grant Dep. at 36-38; *see* Claims Manual.

5

### III. ARGUMENT

#### A. *Conditional Certification Under the FLSA*

Plaintiff brings this collective action on behalf of herself and other TCR Is, TA Is, TCR IIs, and TA IIs, claims representatives, customer service representatives, and liability examiners pursuant to Section 16(b) of the FLSA, which allows private civil actions to be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  An FLSA collective action "is a 'unique species of group litigation' in which each plaintiff 'desiring to be included in the litigation must "opt in" to the suit by filing a written consent with the court.'" *Kenyatta-Bean v. Hous. Auth. Of New Orleans*, 2005 U.S. Dist. LEXIS 36667, *17-18 (E.D. La. Nov. 18, 2005) (quoting ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1807, 468-69 (3d ed. 2005)); *see also Pham v. Oak Street Mortgage, LLC,* 2007 U.S. Dist. LEXIS 6377, *6 (E.D. Pa. Jan. 30, 2007) ("Unlike a Rule 23 class action, a 29 U.S.C. § 216(b) class action does not bind those who fit within the class description unless they opt in."); *Aquilino v. The Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084, *3 (D.N.J. Sept. 6, 2006) ("FLSA allows one or more employees to pursue an action in a representative capacity for other employees similarly situated.") (internal citations omitted).

The "collective action" mechanism provides plaintiffs with "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc.*, 493 U.S. at 170.  Even though § 216(b) "does not require parties to obtain judicial approval before seeking to locate other 'similarly situated' persons," *Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 421 (M.D. Ala. 1991), district courts routinely expedite and facilitate notice to potential opt-in plaintiffs by "conditionally certifying" the § 216(b) class.  Conditional

certification furthers the FLSA's "broad remedial purpose," *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); *accord Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262-63 (S.D.N.Y. 1997) (citing cases); *Garner*, 802 F. Supp. at 422, and is justified by the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche*, 493 U.S. at 170-71. As observed by the Supreme Court, the benefits of a § 216(b) collective action "depend[] on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* at 170; *accord, e.g., Rahman v. Cargill Meat Solutions Corp.*, 2006 U.S. Dist. LEXIS 57333, **3-4 (M.D. Pa. Aug. 14, 2006).

### B. *Plaintiff's Burden is Minimal at the Notice Stage*

In determining whether a suit may proceed as a collective action under the FLSA, "[c]ourts typically undertake a two-stage review. . . . As a first step the court examines pleadings, affidavits, and testimony, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); *Patton v. Thomson Corp.*, 364 F. Supp.2d 263, 266-67 (E.D.N.Y. 2005) ("The threshold issue in deciding whether to authorize such opt-in notice is to determine whether other employees to whom notice might be sent are 'similarly situated.'") (citation and internal quotation omitted).

The standard for the first step – which is where we are in this case – authorizing notice, is minimal under 29 U.S.C. § 216(b). A plaintiff need only demonstrate that he is "similarly situated" to the potential plaintiffs, which only requires a "modest showing sufficient to

7

demonstrate that he and the potential plaintiffs together were victims of a common policy or plan that violated the law." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). As was held earlier this week, "In order to prevail, plaintiffs must only satisfy this 'fairly lenient standard' and the court 'typically grants conditional certification.'" *Ravenell v. AVIS*, 2010 U.S. Dist. LEXIS 72563, at *5 (E.D.N.Y. July 19, 2010) (citing *Malloy v. Richard Fleischman & Assocs. Inc.*, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009). "The burden on plaintiff is not a stringent one, and the Court need only reach a preliminary determination that plaintiffs are similarly situated." *Hoffman*, 982 F. Supp. at 261.

The burden of demonstrating that potential plaintiffs are similarly situated is therefore low at the notice stage. Indeed, though the plaintiff bears the burden of producing a "modest factual showing that the plaintiff and the potential plaintiffs were victims of a common policy or plan violating FLSA, it may be appropriate in some cases to find plaintiffs and potential plaintiffs similarly situated based simply on plaintiffs' 'substantial allegations' that they and potential plaintiffs were common victims of a FLSA violation, particularly where defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (internal quotation marks omitted); *see also Damassia v. Duane Reade*, *Inc.*, 2006 U.S. Dist. LEXIS 73090, at *3 (S.D.N.Y. Oct. 4, 2006).

Indeed, the law is clear that all that is required to be shown is a corporate policy of not paying overtime as part of what now-Circuit Judge Lynch has termed a "uniform business practice." *Damassia*, 2006 U.S. Dist. LEXIS 73090 at *18. Or, as now-Supreme Court Justice Sotomayor wrote, all an employee need make is "a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan

8

that violated the law." *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). "At the preliminary notice stage, 'plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme.'" *Realite*, 7 F. Supp. 2d at 306 (quoting *Krueger v. New York Tel. Co., 1993 U.S. Dist. LEXIS 9988* (S.D.N.Y. July 21, 1993)).

Courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs are similarly situated. *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("the focus is not on whether there has been a violation of the law, but on whether the proposed plaintiffs are 'similarly situated' with respect to their allegations . . . ."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); *Gjurovich*, 282 F. Supp. 2d at 105 ("[o]nce the [p]laintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff.") (citing *Sbarro*, 982 F. Supp. at 262). Federal district courts in New York have routinely authorized notice to putative class members on far more modest records than present in this case. *See, e.g., Young*, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (one affidavit sufficient when potential opt-ins all had same job and were all classified as exempt at over 108 facilities in 21 states); *Mazur v. Olek Lejbzon & Co.*, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005) (three affidavits sufficient for notice to employees in nine job classifications, who worked for four different corporations); *see also Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234 (N.D.N.Y. 2002); *Mentor v. Imperial Parking Sys., Inc*, 246 F.R.D. 178, 180 (S.D.N.Y. 2007); *Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006); *Masson v. Ecolab, Inc.*, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005).

Once the court determines that potential members are similarly situated, it "conditionally certifies" the collective action and Court-authorized notice is sent to potential collective-action class members, who may elect to "opt-in" under Section 216(b) by filing written consents. The action then proceeds as a collective action throughout the merits discovery process. *See Masson*, 2005 U.S. Dist. LEXIS 18022 at *39 (*citing Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). At the end of the process, a defendant can move to decertify part or all of the collective action and that is why, unlike a Rule 23 class which is considered certified for all trial purposes, a FLSA collective action is considered a "conditional" certification prior to trial. *See Realite*, 7 F. Supp. 2d at 308 ("I am not holding at this time that all members of the proposed class who will be sent notices are, in fact, similarly situated . . . . I may later decertify the class, or divide the class into subgroups . . . . However, at this early juncture . . . principles of efficiency and judicial economy militate in favor of maintaining this action as a collective one, and waiting to see what facts bear out.") (Sotomayor, *J.*).

Until the members of the collective are known, the lenient preliminary certification standard is, as here, applicable. As Judge Castel, echoing numerous other cases, wrote earlier this year, "After discovery, typically on the defendant's motion for decertification, courts engage in the second phase of analysis. At that point, the court determines on a full record, . . . whether the additional plaintiffs are, in fact, similarly situated." (citations omitted). *Cohen v. Gerson Lehrman Group, Inc.*, 2010 U.S. Dist. LEXIS 1666 at *22 (S.D.N.Y. Jan. 7, 2010); *see also Ravenell*, *supra*, 2010 U.S. Dist. LEXIS 72563 at *10 ("[T]he more exacting standard does not apply until after discovery is complete and it can be determined whether the class of plaintiffs, including those who have opted in, should proceed to trial as a collective action."); *accord also Indergit v. Rite Aid Corp.*, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010); *Gortat v. Capala*

10

*Bros., Inc.*, 2010 WL 1423018, at *9-*10 (E.D.N.Y. Apr. 9, 2010); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008).

### C. *Plaintiff's FLSA Claim Should be Conditionally Certified*

This Court should conditionally certify Plaintiff's FLSA claim. As discussed below, based on the pleadings and the relevant portions of the depositions, Plaintiff more than satisfies her "extremely lenient" burden of demonstrating that the proposed class is sufficiently similarly situated to justify issuing notice.

First, prompt notice to potential opt-in plaintiffs is consistent with the Supreme Court's teachings in *Hoffman-LaRoche* and furthers the legislative purpose of both § 216(b) and the FLSA. *See* Section III.A, *supra*.

Second, because the statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiff's complaint, *see* 29 U.S.C. § 216(b); *Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000), delay in notifying class members will cause serious prejudice to non-party class members. This fact weighs heavily in favor of early notification. *See Smith v. Lowe's Cos., Inc.*, 2005 U.S. Dist. LEXIS 9763, **13-14 (S.D. Ohio May 11, 2005) (citing cases); *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985).

Third, the record already contains ample evidence that the proposed class is bound together by certain common facts, as was shown at length above. *See* pages 3-5. To all intents and purposes all TCRs and TAs across the country perform the same job, all are classified as exempt by GEICO, and none have been paid overtime. This is confirmed by the corporate representative and the fact that its job descriptions and materials, including those produced for corporate use (as opposed to litigation use) which are a strong effective admission that the jobs are uniform positions, treated uniformly by the company, and subject to uniform business

11

practices. *See Damassia*, 2006 U.S. Dist. LEXIS 73090 at *18. Such documents are powerful indications that these employees are similarly situated for Section 216(b) purposes. In *Ravenell*, this Court viewed corporate documents of job descriptions, practices, and training manuals as evidence that supported plaintiffs' assertion that they were "subjected to an allegedly unlawful nationwide corporate policy." *Ravenell*, 2010 U.S. Dist. LEXIS 72563 at *12. The documents, as here, apply to *all* employees regardless of their location in the United States.

Fifth, Defendant's own Answer confirms that this case concerns various common issues of fact and law that squarely focus on Defendant's company-wide policies, practices, and conduct. For example, Defendant raises the affirmative defense that "Plaintiff and the members of the alleged class were properly classified as exempt from overtime pursuant to the administrative exemption under the Fair Labor Standards Act and New York law." Answer (ECF Doc. 5) at First Affirmative Defense. Defendant further asserts that its companywide decision to classify all TCRs and TAs as exempt from overtime coverage occurred "in good faith and had reasonable grounds to believe that its classification was not a violation of the Fair Labor Standards Act." *Id.* at Fifth Affirmative Defense. Furthermore, Defendant raises the affirmative defense that the classification was made in "good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage-Hour Division of the Department of Labor." *Id.* at Fourth Affirmative Defense. Exploration of such core defenses will require discovery concerning the particulars of Defendant's corporate practices, and, in the absence of conditional certification, individual litigants would be required to address these matters over and over again in courthouses throughout the United States.

Indeed, even at the more stringent, post-discovery "second stage" of the FLSA certification analysis, courts have held that collective litigation is the most appropriate vehicle for addressing the legality of companywide classification decisions. In this regard, the Court is referred to the Eleventh Circuit Court of Appeals analysis in *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258-65 (11th Cir. 2008). Writing for a unanimous panel, Judge Hull observed:

> Plaintiffs' evidence established that Family Dollar uniformly exempted all store managers from overtime pay requirements, and its exemption decision did not turn on any individualized factors. Not one. There is nothing unfair about litigating a single corporate decision in a single collective action, especially where there is robust evidence that store managers perform uniform, cookie-cutter tasks mandated by a one-size-fits-all corporate manual.

*Id.* at 1264; *see also Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 613 (C.D. Cal. 2005) ("Defendant cannot, on the one hand, argue that all reporters and account executives are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each reporter and account executive in order to determine whether that individual is 'exempt.'"); *Goldman v. RadioShack Corp.*, 2003 U.S. Dist. LEXIS 7611, 17-28 (E.D. Pa. Apr. 17, 2003) (Van Antwerpen, *J.*) (conditionally certifying statewide class of retail store managers because, *inter alia*, "they were all subjected to the same employment contract with RadioShack"); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 1342 (N.D. Ga. 2002) (conditionally certifying nationwide class of retail department managers who alleged that they were misclassified as exempt from overtime coverage).

Based on the foregoing, Plaintiff submits that the Court authorize court-supervised notice. *See Harris v. Healthcare Servs. Group, Inc.*, 2007 U.S. Dist. LEXIS 55221, at \*\*3-4 (E.D. Pa. July 31, 2007); *Blasi v. United Fin. Mgmt. Group, Inc,*, 2007 U.S. Dist. LEXIS 11466,

at *3 n.3 (M.D. Pa. Feb. 1, 2007). The evidence adduced at this preliminary stage demonstrates, in short, that Defendant has a uniform policy and practice not to pay its TCRs and TAs an overtime premium for hours worked over 40 in a week. Accordingly, this Court should grant Plaintiff's motion and authorize notice of this action to the Collective Action members.

## IV.    CONCLUSION

For all the above reasons, the Court should grant this Motion, pursuant to 29 U.S.C. § 216(b), so that the class of current and former TCRs and TAs can be promptly notified of their right to participate in this lawsuit.

Dated:   July 23, 2010

By: /s/ Seth R. Lesser
        Seth R. Lesser
Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Robert M. Byrne
Marilyn McGoldrick*
Edwin L. Wallace*
Joseph R. Donohue*
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone:   (617) 720-1333

Bradley I. Berger
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone:   (212) 571-1900

*ATTORNEYS FOR PLAINTIFF*

* Pro Hac Application to be submitted