UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CANDACE HARPER,                    *

              Plaintiff        *        Case No.: 09-CV-2254

v.                                 *        Wexler, J.

GOVERNMENT EMPLOYEES               *        Lindsay, M.J.
INSURANCE COMPANY
                                 *

              Defendant
_____/

## DECLARATION OF JOHN W. PHAM

John W. Pham declares as follows:

1. I am employed by Government Employees Insurance Company ("GEICO") as Assistant Vice President of Claims for Region II, which is located in Woodbury, New York. I am competent to testify and have personal knowledge of the facts set forth below:

2. Plaintiff Candace Harper is the only Telephone Claims Representative I or II who has sued GEICO claiming that she was misclassified as exempt from overtime.

3. Harper did not work in the TCR I classification after September 7, 2002.

4. TCR IIs handle claims for pain and suffering arising from bodily injury claims. TCR Is handle property damage claims and first call settlements.[1] TCR IIs exercise discretion and independent judgment in a number of important tasks that are not included in the TCR I job, including assessing the value of a bodily injury claim and

---

[1] First call settlements are bodily injury settlements reached by TCR Is in their first contact with the claimant. They do not involve negotiations with claimant's counsel and typically do not exceed $1,000.

1

negotiating settlements of pain and suffering claims with claimants' lawyers. In Woodbury, they also recommend whether the claim pierces the no-fault threshold.

5. GEICO has one Claims Manual, but it is not a set of instructions. It is a reference guide to general principles of automobile insurance claims. TCR Is and TCR IIs receive basic training in their respective jobs using materials prepared by the Home Office training department, however, the training for the TCR II job covers different topics than the training for TCR I. While TCR Is and TCR IIs both use the Claims IQ program, TCR IIs use modules for assessment of personal injury claims that TCR Is do not use.

6. GEICO currently employs a total of approximately exempt 620 TCR IIs. They are located in Woodbury and Buffalo, New York; Marlton, New Jersey; Dallas and Houston, Texas; Virginia Beach and Fredericksburg, Virginia; Renton, Washington; Tucson, Arizona; Macon, Georgia; Lakeland, Florida; and Honolulu, Hawaii. Each office handles claims from different sets of states. Woodbury handles mainly New York claims, while Buffalo handles mainly New England claims. There are approximately 99 TCR IIs in Woodbury.

7. In Woodbury, TCR IIs do not process medical bills. First-party medical bills are handled by the Personal Injury Protection (PIP) unit. Third-party medical bills are handled by the third-party's own insurer. The TCR II handles the third-party claim for pain and suffering. This requires that the TCR II make a threshold determination.

8. In most other states, there is no, or limited, personal injury protection or medical payment coverage, and GEICO does not have a PIP unit. If there is a third party claim, the entire file is transferred to a TCR II, who handles the first party (GEICO's

2

insured) and third-party claimant's medical bills. When the third-party claimant has completed treatment, the TCR II negotiates an overall settlement that includes the third-party claimant's medical bills as well as damages for pain and suffering. In settling the third party claim, the TCR II would consider whether the bills include treatment for unrelated injuries, whether the fees for treatment are usual and customary, and whether there has been excessive treatment. A TCR II elsewhere may order an independent medical examination of a first party or send the file to a medical expert for review. That would not happen in Woodbury.

9. These differences can be briefly summarized as follows:

| TCR IIs elsewhere | TCR IIs in Woodbury |
|---|---|
| Adjust first party (GEICO insured) medical payment and PIP claims on files with third party claims. | Do not adjust first party (GEICO insured) medical payment or PIP claims. That work is handled by the PIP unit. |
| Consider dollar amounts of third party medical bills submitted and may review or adjust for medical necessity or amount. | Do not consider, review or adjust dollar amounts of third party medical bills. That work is handled by the third-party's carrier. |
| In most states, do not make threshold determinations. | Make threshold determinations |

10. The above chart is a broad generalization because the duties of TCR IIs elsewhere are not uniform from location to location.

11. Claims in New York are governed by pure comparative negligence. TCR II's in Woodbury must determine fault on a scale ranging from 0 to 100 percent. In most other locations, claims are governed by contributory negligence or modified comparative negligence.

12. Attached to this affidavit are true and correct copies of the following exhibits.

Exhibit 1. Extracts from Candace Harper Deposition at 215.

3

Exhibit 2. Extracts from Harris-Grant Deposition at 199-200, 217.

Exhibit 3. Plaintiff's answer to Defendant's interrogatory number 4.

Exhibit 4. Extracts from Pham Deposition at 42-43.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed this 19th day of August 2010,

_____
John W. Pham