UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CANDACE HARPER, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

-against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO,

Defendant.

---------------------------------------------------------------X

09-cv-2254 (LDW) (ARL)

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR CONDITIONAL CERTIFICATION**

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

Robert M. Byrne
Marilyn McGoldrick
Edwin L. Wallace
Joseph R. Donohue
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (617) 720-1333

Bradley I. Berger
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone: (212) 571-1900

**ATTORNEYS FOR PLAINTIFF**

# TABLE OF CONTENTS

I. Plaintiff's Motion Is to Be Judged Under a First-Stage Standard .......... 1

II. Plaintiff Has Met Her Burden of Showing GEICO Had a Policy of Not Paying Similarly Situated Individuals Overtime .......... 3

III. The Number of Opt-ins Is Irrelevant .......... 9

IV. The Merits of the Collective Action Members' Claims Are Not Considered at This Stage .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases:**

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) ........................ 2,9

*Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946) .................................................. 7

*Bifulco v. The Mortgage Zone*, 262 F.R.D. 209 (E.D.N.Y. 2009) ................................................ 5

*Bogosian v. All American Concessions*, 2008 U.S. Dist. LEXIS 78625 (E.D.N.Y. 2008)............ 6

*Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008).............................................. 6

*Cano v. Four M Food Corp.*, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. 2009) .......................... 5, 6

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007).......................................... 2

*Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. 2006) ................. 2, 10

*Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369 (E.D.N.Y. 2008)....................................... 5

*Francis v. A&E Stores, Inc.*, 2008 U.S. Dist. LEXIS 83369 (S.D.N.Y. 2008)............................. 2

*Garcia v. Freedom Mortgage Corp.*, 2009 U.S. LEXIS 103147 (D.N.J. 2009)........................... 8

*Gayle v. Harry's Nurses Registry, Inc.*, 2009 U.S. Dist. LEXIS 17768 (E.D.N.Y. 2009)............. 5

*Glowacka v. Zablocki Indus., Inc.*, 2006 U.S. Dist. LEXIS 72343 (E.D.N.Y. 2006).................... 6

*Goldman v. Radioshack Corp.*, 2003 U.S. Dist. LEXIS 7611 (E.D. Pa. 2003)............................ 8

*Gortat v. Capala Bros., Inc.*, 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. 2010)............................ 2

*Grayson v. K. Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996) ........................................................... 9

*Heagney v. European Am. Bank*, 122 F.R.D. 127 (E.D.N.Y. 1988).............................................. 7

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)............................................................ 7

*Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. 2010) ................................ 2

*Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. 2008) ......... 6

*Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251 (E.D.N.Y. 2007) ..................................... 6

*Jordan v. IBP, Inc*., 542 F. Supp. 2d 790 (M.D. Tenn. 2008) ........................................................ 8

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008)................................. 2, 5

*Levy v. Verizon Info. Servs*., 2007 U.S. Dist. LEXIS 43223 (E.D.N.Y. 2007).............................. 5

*Lewis v. Nat'l Fin. Sys*., 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. 2007).................................... 5

*Mascol v. E&L Transp., Inc*., 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005)............................ 6

*Mendoza v. Casa de Cambio Delgado, Inc*., 2008 U.S. Dist. LEXIS 61557 (S.D.N.Y. 2008)...... 2

*Monger v. Cactus Salon & Spa's LLC*, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. 2009)............. 5

*Morrison v. Ocean State Jobbers, Inc*., 2010 U.S. Dist. LEXIS 48560 (D. Conn. 2010) ............. 9

*Myers v. The Hertz Corp*., 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. 2007),................................ 6

*Neary v. Metro Prop. & Cas. Ins. Co*., 517 F. Supp. 2d 606 (D. Conn. 2007)........................ 9, 10

*Niemiec v. Ann Bendick Realty*, 2007 U.S. Dist. LEXIS 98840 (March 30, 2007)....................... 6

*Patton v. Thomson Corp*., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ......................................... 6

*Pendelbury v. Starbucks Coffee Co*., 2005 WL 84500 (S.D. Fla. 2005) ....................................... 8

*Prizmic v. Armour, Inc*., 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. 2006)................................ 2, 6

*Ravenell v. Avis Budget Car Rental LLC*, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. 2010)........................................................................................................... *passim*

*Realite v. Ark Rests. Corp*, 7 F. Supp. 2d at 303 (S.D.N.Y. 1998) ................................................ 7

*Rubery v. Buth-Na-Bodhaige, Inc*., 569 F. Supp. 2d 334 (W.D.N.Y. 2008) ............................. 2, 8

*Ruggles v. Wellpoint, Inc*., 591 F. Supp. 2d (N.D.N.Y. 2008)...................................................... 3

*Scott v. Heartland Home Fin., Inc*., 2006 U.S. Dist. Lexis 28839 (N.D. Ga. 2006) ...................... 8

*Searson v. Concord Mortgage Corp*., 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. 2009)............ 5, 7

*Shabazz v. Asurion Ins. Serv*., 2008 U.S. Dist. LEXIS 29696 (M.D. Tenn. 2008)........................ 7

*Sobczak v. AWL Indus*., 540 F. Supp. 2d 354 (E.D.N.Y. 2007).................................................... 5

*Sperling v Hoffman-LaRoche, Inc*., 118 F.R.D. 392, 405 (D.N.J. 1988)....................................... 5

*Spruill-Boone v. Summit Sch. Inc.*, 2006 U.S. Dist. LEXIS 22370 (E.D.N.Y. 2006)..................... 6

*Summa v. Hofstra Univ.*, 2008 U.S. Dist. LEXIS 62591 (E.D.N.Y. 2008) .............................. 5, 10

*Vaughan v. Mortgage Source, LLC*, 2010 U.S. Dist. LEXIS 36615 (E.D.N.Y. 2010) .................. 5

*Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053 (N.D. Cal. 2007)............. 4

*Westerfield v. Wash. Mut. Bank*, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. 2007) ........................ 6

*White v. MPW Indus. Servs.*, 236 F.R.D. 363 (D. Tenn. 2006) ..................................................... 7

*Willix v. Healthfirst, Inc.*, 2009 U.S. Dist. LEXIS 114818 (E.D.N.Y. 2009)................................ 5

*Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. 2006)................................ 6

*Yeboah v. Cent. Parking Sys.*, 2009 U.S. Dist. LEXIS 99990 (E.D.N.Y. 2009) ........................ 1, 5

*Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 663 (S.D.N.Y. 2009)................................... 2

**Rules and Statutes:**

29 U.S.C. 216(b) ........................................................................................................... *passim*

Fed. R. Civ. P. 23........................................................................................................................ 3

The question before this Court on Plaintiff's motion for collective action certification is whether there are persons "similarly situated" to Plaintiff who would benefit from notice of this action and an opportunity to join. Plaintiff has more than met her "minimal" burden by showing that all Telephone Claims Representatives I ("TCR I") and Telephone Adjusters I (collectively "TCR I"), and Telephone Claims Representatives II ("TCR II") and Telephone Adjusters II (collectively "TCR II)[1] were all subject to the same policy of not being paid any overtime for all hours worked over 40 in a workweek. *See Yeboah v. Cent. Parking Sys*., 2009 U.S. Dist. LEXIS 99990 (E.D.N.Y. Oct. 26, 2009), motion for reconsideration denied, 2010 U.S. Dist. LEXIS 5018 (E.D.N.Y. Jan. 22, 2010); *Ravenell v. Avis Budget Car Rental, LLC*, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010). Defendant's corporate representative all but admitted as much, testifying that "they all do the same general and material function for GEICO." Deposition of John Pham ("Pham Dep.") at 58-65, 68-69, attached as Exhibit C to the Declaration of Seth R. Lesser in Support of Conditional Certification ("Lesser Dec.").

Faced with this Court's clear jurisprudence concerning Section 216(b) certifications (*see* page 5 & n.4, below), GEICO is effectively relegated makeweight contentions that try to ignore that applicable standards and case law. As we show below, none of GEICO's arguments are sufficient to defeat Section 216(b) conditional certification.

## I. Plaintiff's Motion Is to Be Judged Under a First-Stage Standard

GEICO first argues that the Court should apply a heightened second-stage analysis. GEICO errs, and its contention flies flatly in the face of the Second Circuit's accepted analysis pursuant to which District Courts steadfastly employ a first-stage analysis of Section 216

[1] Telephone Claims Representatives and Telephone Adjusters are different names for the same job – as previously shown in Plaintiff's opening memorandum ("Pl. Mem.") at page 3, the only difference between TCR I and IIs is that TCR IIs handle bodily injury claims as well as property damage.

motions, even where exchange of documentary discovery and depositions has occurred. As was recently stated in *Ravenell*, 2010 U.S. Dist. LEXIS 72563 at * 10-11:

> Plaintiffs correctly argue that the more lenient preliminary certification standard is applicable to the instant motion. It is well settled that the more exacting standard does not apply until after discovery is complete and it can be determined whether the class of plaintiffs, including those who have opted in, should proceed to trial as a collective action. *See Indergit v. Rite Aid Corp*., Nos. 08 CIV. 9361 & 08 CIV. 11364, 2010 U.S. Dist. LEXIS 60202, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010); *Gortat v. Capala Bros., Inc*., No. 07-CV-3629, 2010 U.S. Dist. LEXIS 35451, 2010 WL 1423018, at *9-*10 (E.D.N.Y. Apr. 9, 2010); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). In this case, discovery is not complete and notice of a collective action and an opportunity to join the lawsuit has not been given, making it inappropriate to use the more stringent standard. *See Mendoza v. Casa de Cambio Delgado, Inc*., No. 07CV2579, 2008 U.S. Dist. LEXIS 61557, 2008 WL 3399067, at *1 n.3 (S.D.N.Y. Aug. 12, 2008); *Cuzco v. Orion Builders, Inc*., 477 F. Supp. 2d 628, 632-33 (S.D.N.Y. 2007); *Damassia v. Duane Reade, Inc*., No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, 2006 WL 2853971, at *4 (S.D.N.Y. Oct. 5, 2006); *Prizmic v. Armour, Inc*., No. 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006).

*See also Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 337 (W.D.N.Y. 2008) ("notwithstanding the substantial class discovery that has taken place, 'it would be inappropriate . . . to require plaintiff to meet a more stringent standard than that typically applied at the early stages of litigation' before discovery is complete."). The second stage analysis occurs at the end of merits discovery, after notice has gone out and the members of the collective are known.[2]

GEICO places its reliance on *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 462 (S.D.N.Y. 2008), but *Amendola* involved Judge Cote's unique direction that defendants provide the identity of 350 collective class members randomly selected from each business unit, geographic region, and job level before entertaining the Section 216(b) motion. No such broad-based random selection of GEICO's employees was ordered or undertaken. Moreover,

[2] That depositions were taken does not change the standard (as GEICO tries to suggest). Depositions are treated the same as affidavits and declarations in Section 216(b) determinations. *See Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 663 (S.D.N.Y. 2009) (using depositions in first stage analysis); *Francis v. A&E Stores, Inc.*, 2008 U.S. Dist. LEXIS 83369, at *8-10 (S.D.N.Y. Oct. 16, 2008) (same).

*Amendola* has been criticized as utilizing Rule 23 class certification standards to evaluate a 216(b) motion, whose standards are markedly different. *Ruggles v. Wellpoint, Inc.*, 591 F. Supp. 2d 150, 162 n. 12 (N.D.N.Y. 2008) ("At this juncture of the litigation, we are not prepared to follow *Amendola's* lead and apply a Rule 23 strict analysis to this FLSA claim.").

GEICO cannot cite a single decision from this Circuit applying the standard it urges (and which has been infrequently adopted anywhere). Instead, it resorts to generalities to distinguish the overwhelming case law in this District using a first stage, lenient standard, and argues with but a single decision, contending that using such a standard would result in some unidentified "inefficiencies." (Def. Memo at 6, fn, 5). There are no such inefficiencies and a collective action plainly is more efficient than individual actions. There is nothing about this case that sets it apart from this Court's first-stage Section 216(b) standard.

## II. Plaintiff Has Met Her Burden of Showing GEICO Had a Policy of Not Paying Similarly Situated Individuals Overtime

Despite uniform job descriptions, training materials and established protocols for performing the TCR I and II jobs, Defendant argues that these employees are not similarly situated because of, essentially, small variations in their job duties and responsibilities. (Def. Mem. at 4, 12.). These distinctions do not raise to the level of material differences between the positions that would defeat collective action certification because GEICO does not – and cannot -- deny the salient point that the collective action members are similarly situated because they all do the same thing – handle (low-level) automobile claims for GEICO policyholders and do so in essentially the exact same way pursuant to procedures and systems established by GEICO. *See* Pl. Mem. at 3-6; Plaintiff's Opposition to GEICO's Motion for Summary Judgment at 3-5. The evidence is clear that, no matter what operating region of the country in which TCR I and IIs work, their work is essentially the same and they are all treated as exempt employees under the

FLSA. Pls. Mem. at 3 (quoting Pham Dep. at 44 ("Q: Is it substantially similar. A: Probably.")). The insurance law differences GEICO raises relate to "nuances" of state law and do not change that fact that, "'[A]ll TCRs I and II do [the] same general and material function for GEICO.'" Pl. Mem at 3 (quoting Pham Dep. at 58-65, 68-69). Instead, as Plaintiff previously showed (Pl. Mem. 4), and was corroborated by the employee depositions (*see* Pl. Mem. 5), the countours of the job do not change no matter where in the country the TCR I and IIs work, or which position they are in.

When confronted with its uniform misclassification and procedures, at pages 11-12 of its brief GEICO essentially has to try to disown its corporate-wide training program, its corporate-wide claims handling software, and its corporate-wide claims manual. While Geico wishes to gainsay its uniform claims handling policies and procedures, what it is arguing is that not every TCR I and II did the exact same thing and the differences, no matter how slight, render certification inappropriate. To create distinctions and rewrite his deposition testimony, GEICO submits a self-serving declaration from John Pham, which alone should be granted little credibility. *See Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1060 (N.D. Cal. 2007) (observing that declarations from employees of a defendant presented in opposition to conditional certification have "glaring reliability concerns" and "carry within them possible pressure arising from ongoing employment relationships."). This declaration does not undercut or change his clear testimony that TCRs I and II, throughout the country and in every office, have uniform job duties and responsibilities. *See* Pl. Mem. at 3-4 (citing multiple pages from Pham Dep.). Mr. Pham's Declaration also does not dispute that GEICO has one job description for each of these positions Pham Dep. at 52-53; *see also* Lesser Dec. at Exh. B; that TCRs I and II were all paid pursuant to a similar salary structure; that they all use the same

computer system, and that they all use the same claims manual[3] generated by GEICO's corporate headquarters. Pham Dep. at 49-51, 68, 73, 104-5.

The core point is that whether – to address the specific supposed differences GEICO raises – a TCR I or II reviewed both property and personal injury claims (or just one or the other) or had to review some bills (or not others) or could make some threshold determinations (or not) has little bearing on whether their jobs are similar across the country. There are always going to be differences between what people do on a job but the differences must be fundamentally material in order to defeat the "modest showing" necessary to permit 216(b) notice. For Section 216(b) purposes, as the seminal case holds and was affirmed by the Supreme Court, "plaintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members." *Sperling v Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 405 (D.N.J. 1988), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). GEICO wishes to have the Court apply a test of identicality. But that is not the test and undoubtedly why this Court routinely grants 216(b) conditional certifications. A five year search of this Court's FLSA 216(b) determinations on LEXIS found 30 rulings. In 27 of these 30 cases, conditional certification was granted – and the three in which it was denied arose in markedly different circumstances than are present in this case.[4]

[3] GEICO describes the uniform claims manual as "reference guide to the principles of automobile insurance claims." Def. Mem. at 12. Regardless of how it is described, however, Defendant cannot escape from the fact that all of its TCRs I and II, regardless of the state in which they work, rely upon and are directed to use the same Claims Manuals. If the principles of handling the claims within the various states were as different as GEICO would have this Court believe, their employees would not be relying on the same "reference book".

[4] Certifications were granted in: *Ravenell*, *supra*; *Vaughan v. Mortgage Source, LLC*, 2010 U.S. Dist. LEXIS 36615 (E.D.N.Y. April 14, 2010); *Yeboah*, *supra*; *Bifulco v. The Mortgage Zone*, 262 F.R.D. 209 (E.D.N.Y. 2009); *Willix v. Healthfirst, Inc.*, 2009 U.S. Dist. LEXIS 114818 (E.D.N.Y. Dec. 4, 2009); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008); *Monger v. Cactus Salon & Spa's LLC*, 2009 U.S. Dist. LEXIS 60066 (E.D.N.Y. July 6, 2009); *Sobczak v. AWL Indus.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007); *Searson v. Concord Mortgage Corp.*, 2009 U.S. Dist. LEXIS 88926 (E.D.N.Y. Aug. 31, 2009); *Levy v. Verizon Info. Servs.*, 2007 U.S. Dist. LEXIS 43223 (E.D.N.Y. June 11, 2007); *Lewis v. Nat'l Fin. Sys.*, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007); *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369 (E.D.N.Y. 2008); *Cano v. Four M Food Corp.*, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009); *Gayle v. Harry's Nurses Registry, Inc.*, 2009 U.S. Dist. LEXIS 17768 (E.D.N.Y. Mar. 9, 2009); *Summa v. Hofstra Univ.*, 2008 U.S. Dist. LEXIS 62591 (E.D.N.Y. Aug. 14, 2008);

The law in this Circuit is clear that that similarities, not identicality, are sufficient for 216(b) purposes:

> It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, or worked during the same time periods, or worked at the same locations as the named plaintiffs. Similarly, it is not critical whether [plaintiff's] position was that of a porter…while [another plaintiff], for example, was a 'produce clerk.'… As long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate.

*Cano*, 2009 U.S. Dist. LEXIS 7780 at *20 (citing authorities) (emphasis added). GEICO's argued differences are less than those between what a porter does compared to a produce clerk. Or, as this Court's most recent decision concluded where the employer made the same arguments that are made here (but with many more supposed differences in authority between employees depending on their locations across the country), "Avis's argument that its employee affidavits establish that shift managers are not similarly situated because their job duties and responsibilities vary is inadequate and premature. Plaintiffs have made a modest factual showing, through their allegations in the Complaint, their deposition testimony, and the deposition

---

*Niemiec v. Ann Bendick Realty*, 2007 U.S. Dist. LEXIS 98840 (March 30, 2007) (Magistrate Judge ruling), *aff'd* slip op. (April 23, 2007) (available on Pacer, as Docket No. 100 in 1:04-cv-008907-KAM (District Court judge's affirmance of certification Report and Recommendation); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005); *Sexton v. Franklin First Fin., Ltd.*, 2009 U.S. Dist. LEXIS 50526 (E.D.N.Y. June 16, 2009); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008); *Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008); *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251 (E.D.N.Y. 2007); *Glowacka v. Zablocki Indus., Inc.*, 2006 U.S. Dist. LEXIS 72343 (E.D.N.Y. Apr. 13, 2006); *Bogosian v. All American Concessions*, 2008 U.S. Dist. LEXIS 78625 (E.D.N.Y. Sept. 29, 2008); *Westerfield v. Wash. Mut. Bank*, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007); *Wraga v. Marble Lite, Inc.*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Mascol v. E&L Transp., Inc.*, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. June 29, 2005).

The three cases where certification was not granted are: *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627, *7-8 (E.D.N.Y. June 12, 2006), where – unlike here -- the plaintiff made "only general allegations in his complaint," and had "not submitted *any* evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law" (emphasis in original); *Spruill-Boone v. Summit Sch. Inc.*, 2006 U.S. Dist. LEXIS 22370 (E.D.N.Y. Apr. 24, 2006), where the FLSA case was dismissed in its entirety as time-barred; and, *Myers v. The Hertz Corp.*, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007), where the Rule 216(b) ruling remains under seal but where the case (unlike here) involved multiple job categories.

testimony of the opt-ins, that there was a common policy of wrongfully depriving shift managers of overtime, which is enough to warrant conditional certification at this juncture.". *Ravenell*, 2010 U.S. Dist. LEXIS 72563 at *10 (citations omitted); *accord also, Heagney v. European Am. Bank*, 122 F.R.D. at 127 (E.D.N.Y. 1988) ("[i]n order to be 'similarly situated', the plaintiffs do not have to perform the same job in the same location as long as there is an [unlawful] policy common to all"); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d at 303, 308 (S.D.N.Y. 1998) ("[A]ll that is required is some identifiable factual nexus which binds the named [plaintiffs] and potential class members together as victims of a particular alleged discrimination").

Finally, essentially claiming that the process Congress established and employed by this Court time and again is wrong, GEICO also argues that individualized issues and damage determinations will render a collective action unmanageable. This is wrong, legally, and it is the wrong time to make the argument. Using the collective action to have individuals testify on behalf of the collective is what Congress established for the FLSA. *Hoffman-La Roche*, 493 U.S. at 171-73. As has been recognized by this Court and others, individualized determinations do not defeat collective action certification where plaintiffs have come forward with something more than averments in the complaint to show they are similarly situated to the class members. *See Searson*, 2009 U.S. Dist. LEXIS 88926 at *17 ("the allegedly policy applies to all loan officers, and because they all shared common job duties; determining whether they were misclassified as exempt does not require a detailed, individual factual analysis"); *Shabazz v. Asurion Ins. Serv.*, 2008 U.S. Dist. LEXIS 29696, *3 (M.D. Tenn. Apr. 10, 2008) (rejecting defendant's 47-page attempt to highlight alleged differences between plaintiffs and putative class); *White v. MPW Indus. Servs.*, 236 F.R.D. 363 (D. Tenn. 2006) (concluding that once the plaintiffs have met their burden at the notice stage, a defendant cannot overcome showing by

arguing that individual issues may dominate); *Scott v. Heartland Home Fin., Inc.*, 2006 U.S. Dist. Lexis 28839 (N.D. Ga. May 3, 2006) ("variations in specific job duties, job locations, working hours, or the availability of various defenses are example of factual issues that are not considered at this stage").

Finally, an examination of alleged individualized issues is not appropriate at this stage where the Court is not making a detailed factual determination of the "similarly situated" question, but is analyzing the evidence through a prism of the lenient, first stage certification standard. At the second stage, prior to trial, a defendant can request decertification by making a showing that individual issues defeat manageability.[5] This is not that day.

In sum, GEICO misconstrues both the standard of what needs to be shown at this stage and misconstrues the manner in which the Court is to address such differences assuming they even exist, which Plaintiff strongly disputes.[6] *See, e.g.*, *Rubery*, 569 F. Supp. 2d at 337 ("While there undoubtedly prove to be variances among the putative class members . . . plaintiff's fundamental allegation is that defendant denied overtime wages to a [collection of employees], by classifying them as exempt even though their duties and supervisory responsibilities fell short of the requirements of the FLSA . . . . As such, the class members were 'similarly situated with respect to their allegations that the law has been violated, and preliminary certification is

---

[5] *See Pendelbury v. Starbucks Coffee Co*., 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (detailed factual determination of the similarly situated question is not appropriate at early stages of litigation); *Jordan v. IBP, Inc*., 542 F. Supp. 2d 790, 812 (M.D. Tenn. 2008) (stating that the analysis at the second stage "requires consideration of the disparate factual and employment settings of the individuals, the defenses available to the defendants, and fairness and procedural considerations") (citation omitted); *Goldman v. Radioshack Corp*., 2003 U.S. Dist. LEXIS 7611, *27 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant").

[6] Alternatively viewed, one of GEICO's arguments against conditional certification is that the collective action class is overbroad because it contains two, albeit almost identical, job titles. If it mattered at this stage (which it should not), the appropriate remedy, as Defendant itself alludes to (Def. Mem. at 11-12) is to create subclasses within the class, determined by job title. *See e.g*., *Garcia v. Freedom Mortgage Corp.*, 2009 U.S. LEXIS 103147 (D.N.J. Nov. 2, 2009). In doing so, the Court can also modify the class definition to what it believes is appropriate, based on the evidence. *See Rubery*, 569 F. Supp. 2d at 337 (modifying the collective action definition and citing authorities). It is generally recognized, however, that modification of the collective action definition is a second-tier analysis. *Id*.

appropriate."). Rather, as Plaintiff's opening memorandum showed, all that an employee need make is "a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law" – and that has been what Plaintiffs has shown. *See* Pl. Mem. at 8-9 (*citing Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *accord, e.g., Ravenell*, 2010 U.S. Dist. LEXIS 72563, *2 (same)).

**III. The Number of Opt-ins Is Irrelevant**

Defendant argues that because no other employee has joined this case, certification would be improper. (Def. Mem. at 10.). GEICO errs. As long as there is "a reasonable basis" for the allegation that similarly situated individuals exists, notice is to be provided. *Grayson v. K. Mart Corp*., 79 F.3d 1086, 1097 (11th Cir. 1996); *see also Amendola v. Bristol-Myers Squibb Co*., 558 F. Supp. 2d at 466 (a case relied upon by Defendant, holding that "FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective to be sent to potential plaintiffs."); *Neary v. Metro Prop. & Cas. Ins. Co*., 517 F. Supp. 2d 606, 622-23 (D. Conn. 2007) ("identification [of other potential class members who would want to participate in this action] at this preliminary stage, is not required in the Second Circuit."); *Morrison v. Ocean State Jobbers, Inc*., 2010 U.S. Dist. LEXIS 48560, *10 (D. Conn. May 17, 2010) ("While the plaintiff may be unable to demonstrate interest on the part of other potential class members in this case, the inquiry must take place after those potential class members have been notified of the action, not before.").

**IV. The Merits of the Collective Action Members' Claims Are Not Considered at This Stage**

As shown in Plaintiff's opening memorandum, an examination of the merits of Plaintiff's claims is not appropriate at the conditional certification stage of the proceeding. Pl. Mem. at 9. Courts in this Circuit have confirmed this repeatedly, leaving no room for dispute:

> In opposing court-authorized notice, defendant dedicates a substantial portion of its briefs to the misplaced argument that plaintiffs' claims fail on the merits . . . . [C]ourts need not resolve the merits in order to find plaintiffs and potential opt-in plaintiffs similarly situated for purposes of authorizing notice.

*Damassia*, 2006 U.S. Dist. LEXIS 73090, *15 (S.D.N.Y. Oct. 4, 2006).

Here, Plaintiff attested that she regularly worked in excess of forty hours per week and worked evenings, early mornings, and weekends without being properly paid. Deposition of Candace Harper at 7, 10-12, attached as Exhibit A to the Lesser Dec. Such attestations are sufficient for the purposes of this motion, and at this stage of the proceedings, the Court should not make any merits determinations. *Ravenell*, 2010 U.S. Dist. LEXIS 72563 at *15 ("the Court cannot consider the merits of the Plaintiffs' claims on this motion"); *Summa*, 2008 U.S. Dist. LEXIS 62591, *5 ("At the initial assessment stage, before discovery is completed, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations."). That is why "Courts are not to evaluate the merits of potential plaintiffs' claims when determining whether a putative class meets the similarly situated standard," inasmuch as the "sort of devolution into early merits determinations that Defendant is urging upon the Court "would invariably defeat the very nature of the two-tiered approach and the statutory intent to facilitate a broad remedial purpose . . . ." *Neary*, 517 F. Supp. 2d at 622.

## V. CONCLUSION

For all the foregoing reasons, as well as those set forth in the opening papers submitted by Plaintiff, the Court should grant Plaintiff's Motion for Conditional Certification.

Dated: September 17, 2010

By: /s/ Seth R. Lesser
Seth R. Lesser

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350

Rye Brook, New York 10573
Telephone: (914) 934-9200

Robert M. Byrne
Marilyn McGoldrick
Edwin L. Wallace
Joseph R. Donohue
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone:   (617) 720-1333

Bradley I. Berger
BERGER & ASSOCIATES
321 Broadway
New York, New York 10007
Telephone:  (212) 571-1900

*ATTORNEYS FOR PLAINTIFF*