UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CANDACE HARPER,

                                 Plaintiff,

              -against-

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

                                 Defendant.

----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-2254

(Wexler, J.)

APPEARANCES:

    KLAFTER OLSEN &LESSER LLP
    BY: SETH R. LESSER, ESQ.
        FRAN L. RUDICH, ESQ.
        JEFFREY A. KLAFTER, ESQ.
    Attorneys for Plaintiff
    2 International Drive, Suite 350
    Rye Brook, New York 10573

    THORNTON & NAUMES, LLP
    BY: ROBERT M. BYRNE, ESQ.
        MARILYN McGOLDRICK, ESQ.
        JOSEPH R. DONOHUE, ESQ.
    Attorneys for Plaintiff
    100 Summer Drive, 30th Floor
    Boston, Massachusetts, 02110

    BERGER ATTORNEY, P.C.
    BY: BRADLEY I. BERGER, ESQ.
    Attorneys for Plaintiff
    321 Broadway
    New York, New York 10007

SHAWE & ROSENTHAL, LLP
BY: BRUCE S. HARRISON, ESQ.
　　ERIC HEMMINDINGER, ESQ.
Attorneys for Defendant
20 S. Charles Street, 11th Floor
Baltimore, Maryland 21201

DORSEY & WHITNEY LLP
BY: LAURA M. LESTRADE, ESQ.
Attorneys for Defendant
250 Park Avenue
New York, New York 10177-1500

WEXLER, District Judge

In this case Plaintiff Candace Harper ("Plaintiff" or "Harper") seeks overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and a parallel provision of New York State law, against her former employer, Government Employees Insurance Company ("Defendant" or "GEICO").[1] Defendant seeks summary judgment on the ground that as an employee "employed in a bona fide executive, administrative, or professional capacity," Harper is statutorily exempt from the requirement that overtime compensation be paid. For the reasons that follow, the motion is denied.

## BACKGROUND

I.　The Parties and the Allegations of the Complaint

Plaintiff Harper was employed by Defendant as a "Telephone Claims Representative II" ("Claims Rep") from November of 2004 until 2009. As a Claims Rep, Plaintiff spoke with individuals making claims against GEICO insurance policies. In support of her claim for

---

[1] Plaintiff seeks to represent a class of similarly situated individuals. The court has deferred ruling on whether this action may proceed as a class action, pending a decision on this motion.

overtime compensation, Plaintiff alleges that she worked in excess of forty hours per week.

With the exception of agreeing on Plaintiff's title, and the fact that she had a certain level of authority to settle claims, the parties disagree as to the scope of Plaintiff's duties and authority. Generally speaking, Plaintiff states that she was not authorized to exercise independent judgment, and characterizes her duties as falling within very strict parameters set by GEICO. She states that when dealing with claimants, she followed a script of questions, and followed specific instructions mandated by GEICO's computer claims system known as "Claims IQ." Defendant, on the other hand, states that Plaintiff had discretionary authority which she exercised in the negotiation of claims. Plaintiff is stated to have interviewed claimants and witnesses, and to have made independent determinations regarding issues such as notice, apportionment of liability, and coverage.

II.   The Motion

As noted, Defendant moves for summary judgment on the ground that Plaintiff's employment falls within a statutory exemption from the FLSA. Specifically, GEICO argues that Plaintiff is exempt pursuant to 29 U.S.C. § 213(a)(1). This provision of the FLSA sets forth an exemption applicable to, inter alia, certain administrative employees. Plaintiff argues that the statutory exemption does not apply to her job. After outlining applicable law, and upon consideration of the facts set forth above in light of that law, the court will decide the merits of the motion.

DISCUSSION

I   General Principles

The FLSA overtime provision requires that those who work more than forty hours per

3

week be compensated at the rate of one and one-half times the minimum wage. 29 U.S.C. § 207(a)(1); Howard v. Port Authority of New York, New Jersey, 684 F. Supp.2d 409, 412 (S.D.N.Y. 2010). The FLSA contains several express statutory exemptions from the overtime payment requirement. These exemptions are incorporated into New York State's parallel overtime provision. See 12 N.Y.C.R.R. § 142-3.2. The burden of proving that an exemption applies is on the employer, and in view of the fact that the FLSA is remedial in nature, its statutory exemptions are to be narrowly construed. Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010); Bilyou v. Dutchess Beer Distributors, Inc., 300 F.3d 217, 222 (2d Cir. 2002); see Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960) (employers seeking to assert exemption must show that exemption claimed applied "plainly and unmistakably").

Deciding whether an exemption applies requires the court to consider both questions of fact and law. The question of how an employee spends his time is factual, while the issue of whether such activities render the employee exempt from the FLSA's overtime provision is a question of law. Icicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 714 (1986); Clarke v. JPMorgan Chase Bank, N.A., 2010 WL 1379778 *15 (S.D.N.Y. 2010). An employees' exempt status depends less on his title, and more on the actual duties performed. Cooke v. General Dynamics Corp. 993 F. Supp. 56, 61 (D. Conn. 1997).

II. Administrative Exemption

29 U.S.C. §213(a)(1) exempts, in pertinent part, from the FLSA overtime payment requirement "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. 213(a)(1). The Second Circuit has held that regulations of the

4

Secretary of Labor, promulgated pursuant to the statute, "define and delimit the terms" used therein. In re Novartis Wage and Hour Litigation, 611 F.3d 141, 149 (2d Cir. 2010). The relevant regulation sets forth three requirements to be met before the administrative employee exemption applies. Specifically, it must be found:

- that the employee earns at least $455 per week;
- that the employee's "primary duty" is "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and,
- that the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."

29 C.F.R. § 541.200(a); see Novartis, 611 F.3d at 155.

The parties here disagree primarily as to the last criteria, i.e., whether Plaintiff exercised "discretion and independent judgment with respect to matters of significance." As to this element, the Secretary of Labor has promulgated very specific regulations to which this court must defer. See generally 29 C.F.R. §541.202. Those regulations indicate that it is important to determine whether Plaintiff's work involved "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." Novartis, 611 F.3d at 156. "The term 'matters of significance' refers to the level of importance or consequence of the work performed." Id. With respect to the issue of "discretion and independent judgment," the relevant regulation states that the phrase must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent

5

judgment with respect to matters of significance include, but are not limited to:

- whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;

- whether the employee carries out major assignments in conducting the operations of the business;

- whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;

- whether the employee has authority to commit the employer in matters that have significant financial impact;

- whether the employee has authority to waive or deviate from established policies and procedures without prior approval;

- whether the employee has authority to negotiate and bind the company on significant matters;

- whether the employee provides consultation or expert advice to management;

- whether the employee is involved in planning long- or short-term business objectives;

- whether the employee investigates and resolves matters of significance on behalf of management; and,

- whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. 541.202(b). Additionally, the regulation states:

> The exercise of discretion and independent judgment implies that the employee has

authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

29 C.F.R. 541.202(c). Finally, the regulation states that, "the exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources." 29 C.F.R. 541.202(e).

Of particular importance and relevance here is the Secretary of Labor's regulation stating that individuals employed as "<u>insurance claims adjusters</u> generally meet the duty requirements for the administrative exemption." 29 C.F.R. § 541.203(a)(emphasis added). The duties of such employees are described as including "interviewing insureds, witnesses and physicians; inspecting property damage; reviewing factual information to prepare damage estimates; evaluating and making recommendations regarding coverage of claims; determining liability and total value of a claim; negotiating settlements; and making recommendations regarding litigation." 29 C.F.R. 541.203(a).

Defendant argues that the general regulations describing factors to consider when deciding the issue of discretion and judgment, and the particular regulation referring to "insurance claims adjusters," are dispositive of Plaintiff's claim. Additionally, Defendant relies on the opinions of Circuit Courts of Appeal outside of this Circuit, which have held that insurance adjusters exercise discretion sufficient to render them exempt from the FLSA overtime

requirement. See, e.g., Robinson-Smith v. Government Employees Ins. Co., 590 F3d. 886 (D.C. Cir. 2010); Roe-Midgett v. CC Servs., Inc., 512 F.3d 865 (7th Cir. 2008). Particularly on point is the Robinson-Smith case, which held that GEICO's auto damage adjusters were within the statutory exemption. Robinson-Smith 590 F.3d at 893. Such employees were described by the Robinson-Smith court as having less discretionary authority than those referred to as a "telephone adjusters," which appears to be Plaintiff's position at GEICO, but were nonetheless held to have exercised sufficient discretion and independent judgment to be categorized as exempt from the overtime payment requirement. See Robinson-Smith, 590 F.3d at 888.

While the court's holding in Robinson-Smith is well-reasoned and persuasive, it is not binding on this court. What is binding is the recent decision of the Second Circuit in In re Novartis Wage and Hour Litigation, 611 F.3d 141 (2d Cir. 2010). There, the Second Circuit held that pharmaceutical sales representatives responsible for meeting with physicians to promote sales of Novartis drugs were not granted the discretion and independent judgment sufficient to hold them to be exempt them from the FLSA overtime compensation requirement. In re Novartis, 611 F.3d at 157. Novartis reversed a decision of the Southern District which held that the Novartis representatives exercised sufficient judgment when delivering the company's "core message," by, inter alia, tailoring their presentation to fit within a particular time frame, and determining the best possible approach to convincing particular physicians to prescribe Novartis drugs. Id. at 148. The Second Circuit reversed, holding that the Novartis plaintiffs did not exercise sufficient discretion and judgment to be classified as exempt because, inter alia, they:

• have no role in planning Novartis's marketing strategy;

• have no role in formulating the "core messages" they deliver to physicians;

8

- are required to visit a given physician a certain number of times per trimester as established by Novartis;

- are required to promote a given drug a certain number of times per trimester as established by Novartis;

- are required to hold at least the number of promotional events ordered by Novartis;

- are not allowed to deviate from the promotional "core messages";

- and are forbidden to answer any question for which they have not been scripted.

Novartis, 611 F.3d at 157. In consideration of these facts, the Second Circuit held that the Novartis sales representatives were not exempt from overtime compensation under the FLSA. Accord Harris v. Auxilium Pharmaceuticals, Inc., 2010 WL 3817150 *3 (S.D. Tex. 2010) (adopting reasoning of Novartis); but see Schaefer-Larose v. Eli Lilly and Co., 2010 WL 3892464* (S.D. Ind. 2010) (declining to reconsider, in light of Novartis, prior holding that pharmaceutical sales representatives are exempt from FLSA).

While the court finds Defendant's argument in favor of exemption to be strong, it holds that it cannot determine this matter based upon the summary judgment papers presently before the court. There is sharp disagreement concerning critical facts regarding the scope of Plaintiff's duties, and whether those duties allow Plaintiff to exercise the discretion and judgment required to characterize her position as exempt. The Second Circuit has indicated a very narrow interpretation of the FLSA administrative exemption, and this court's holding can be determined only upon a clear finding of facts. Because Plaintiff has raised important questions concerning those facts, summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied.

SO ORDERED

                                                          LEONARD D. WEXLER
                                                          UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 16, 2010