

20 S. Charles Street
11th Floor
Baltimore, MD 21201
**P:** 410-752-1040
**F:** 410-752-8861

**shawe.com**

Electronic Letterhead

November 24, 2010

**Eric Hemmendinger**
eh@shawe.com
410-843-3457

The Honorable Arlene R. Lindsay
United States District Court
for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438

RE: *Candace Harper v. GEICO*, Case No. 09-CV-2254

Dear Magistrate Judge Lindsay:

This is in response to Plaintiff's letter of November 18, 2010 (D.I. 38), requesting to revive Plaintiff's motion for a nationwide collective action (D.I. 36).

GEICO wishes to make some additional points concerning the issue, discussed below. If the Court prefers that the additional points be presented in the form of a supplemental brief, we would be happy to do so. With the addition of the points set forth below, GEICO is content to rest on its earlier briefing. We would be happy to appear for oral argument or a conference.

1. GEICO submits that *Myers v. The Hertz Corp.*, 2010 WL 4227452 (2d Cir. 2010) actually supports denying the motion for collective action notice. The plaintiffs in *Myers* were station managers for Hertz. Like the plaintiff in this case, they alleged that they were misclassified as exempt from overtime and sought to bring a nationwide collective action. The district court denied that motion on the grounds that the misclassification issue required a fact-intensive inquiry into each potential plaintiff's duties. Its decision was quoted in the Second Circuit decision as follows:

> [T]he Court finds that Plaintiffs' motion suffers from a fatal flaw that further discovery cannot cure: because liability as to each putative plaintiff depends upon whether that plaintiff was correctly classified as exempt pursuant to ... Policy 2-50, any collective action would require the Court to make a fact-intensive inquiry into each potential plaintiff's employment situation. Thus, regardless of the possibility that other Station Managers are improperly being classified as exempt pursuant to ... Policy 2-50, any determination as to their




> right to overtime would require a highly individualized analysis as to whether the duties they performed fell within that exemption.

*Id.* at *4. The plaintiffs in *Myers* then sought certification of a Rule 23 class, which the district court denied for the same reason. The Second Circuit affirmed the Rule 23 decision, and held that the denial of a collective action was not appealable.

This case, like *Myers,* will require a fact-intensive inquiry into Plaintiff's employment situation, making it inappropriate for a collective action. In its ruling denying GEICO's motion for summary judgment, the Court found that "There is sharp disagreement concerning critical facts regarding the scope of Plaintiff's duties and whether those duties allow Plaintiff to exercise the discretion and judgment required to characterize her position as exempt." D.I. 37 at 9. Much of that disagreement concerned the extent to which Plaintiff's supervisor controlled her settlement negotiations.

2. Although the Court did not grant summary judgment, it did find "Defendant's argument in favor of exemption to be strong," and supported by a "well reasoned and persuasive" decision from the District of Columbia Circuit concerning GEICO. D.I. 37 at 8, 9. Even the "modest" showing required at stage one requires evidence that the employees were victims of a "common policy or plan that violated the law." GEICO submits that Plaintiff's claim is too weak to serve as the foundation for a collective action. *Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp.2d 459, 477 (S.D.N.Y. 2008).

3. The scope of the proposed collective action remains excessive. The proposed collection action would be nationwide. Although Plaintiff was employed only in the TCR II classification during the limitations period, she seeks to include the TCR I classification in the collective action. Plaintiff has not demonstrated, on even a modest showing, that there is sufficient factual similarity to justify including TCR IIs in other locations or TCR Is anywhere. A recent decision denying a nationwide class action for the same reason is *Guillen v. Marshalls*, 2010 WL 4627851 (S.D.N.Y. Nov. 16, 2010)( Gorenstein, M.J.)(denying nationwide collective action of assistant store managers).

4. Finally, the decision to grant collective action notice can be irreversible as a practical matter. The "modest" first stage standard is based on the assumption that a collective action can be "decertified" at the close of discovery, if it turns out to be unworkable. In fact, "decertifying" a collective action is like trying to put toothpaste back in a tube. When employees file opt-in notices, they become clients of plaintiff's counsel and plaintiffs in the case. If the collective action is "decertified," the opt-in plaintiffs are dismissed from the action without prejudice. However, the former opt-in plaintiffs can still continue to litigate, as individual plaintiffs in the same or a separate action, and the statute of limitations can be tolled while they decide whether to refile. Thus, if a court decertifies a collective action because it has become unmanageable, the




result may be an even more unmanageable group of individual claims. For this reason, collective action notice should be granted only if it is clear from the outset that a collective action would be manageable.

Sincerely,

SHAWE & ROSENTHAL, LLP

/s/

Eric Hemmendinger

DORSEY & WHITNEY LLP

Laura M. Lestrade

EH:249197

cc: All counsel via ECF