UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CANDACE HARPER, individually and on
behalf of all other persons similarly situated,

                    Plaintiffs,

                           **REPORT AND**
                           **RECOMMENDATION**
      -against-                CV 09-2254 (LDW)(ARL)

GOVERNMENT EMPLOYEES INSURANCE
COMPANY a/k/a GEICO,

                    Defendant.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Wexler, is the plaintiff's motion to conditionally certify a class under 29 U.S.C. § 216(b), to provide judicial notice of the lawsuit to all collective action members; and to facilitate notice by requiring the defendant to produce an electronic list of the contact information for all collective action members. For the reasons set forth herein, the court recommends that the plaintiff's motion be granted.

### BACKGROUND

The named-plaintiff, Candace Harper ("Harper"), is a former employee of Government Employees Insurance Company ("GEICO"). Harper was employed as a Telephone Claims Representative I ("TCR I") until September 7, 2002, and as a Telephone Claims Representative II ("TCR II") from November 2004 until April 2009. In both capacities, Harper spoke with individuals making claims and contends that she often worked in excess of forty hours. Harper asserts that GEICO wrongfully classified her job as "exempt" and seeks overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and a parallel provision of

New York State law.[1] Harper further asserts that there are numerous current and former employees of GEICO employed as claims examiners, claims representatives, customer service representatives and liability examiners who were also classified as exempt and denied overtime. *See* Complaint at ¶1. Harper seeks to proceed on her FLSA claim as a collective action and has moved for conditional certification.

## DISCUSSION

Section 216(b) of the FLSA provides that where, as here, a party is suing for relief under 29 U.S.C. § 207, that party may proceed "for and in behalf of himself . . . and other employees similarly situated." A proceeding under this provision is termed a "collective action." The standards and procedures for a collective action under section 216 are different from the standards for a traditional class action under Fed. R. Civ. P. 23. In FLSA collective actions, courts typically follow a two-step certification process. *See Myers v. The Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010).[2] "At the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated. If the court finds that they are, it conditionally certifies the class and permits notice to be sent to putative class members." *Morales v. PlantWorks,* 2006 U.S. Dist LEXIS 4267 at *3 (S.D.N.Y. Feb. 2, 2006)(internal citations omitted).

At this initial stage, the plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

---

[1] Harper acknowledges that the work she performed as a TCR I is outside the three year statute of limitations. *See* Pl's. Mem. at n. 2

[2] Although the Myers court did not exercise pendent appellate jurisdiction regarding the FLSA collective action, the Second Circuit did provide "guidance on the standards district courts should apply to motions seeking [conditional] certification."

law. In a FLSA exemption case, [such as this], plaintiffs accomplish this by making some showing that 'there are other employees . . . who are similarly situated with respect to job requirements and with regard to their pay provisions,' . . . who are classified as exempt pursuant to a common policy or scheme. The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions, but should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* "similarly situated' plaintiffs do in fact exist. *Myers,* 624 F.3d at 555; *see also Prizmic v. Armour, Inc.,* 2006 U.S. Dist. LEXIS 42627 *5 (E.D.N.Y. June 12, 2006). Moreover, a party seeking conditional certification need not demonstrate Rule 23 requirements of numerosity, commonality, typicality and adequacy of representation. *See Scholtisek v. Eldre Corp.,* 229 F.R.D. 381, 386 (W.D.N.Y. 2005). Once the plaintiff seeks conditional certification , the court than has broad discretion to order discovery, including the names and addresses of the potential plaintiffs to facilitate the opt-in process. *Id.; see also* Wright, Miller & Kahn*,* 7B Federal Practice & Procedure, §1807 493-495. With these standard in mind, the court turns to the parties' contentions.

Harper contends that with the exception of GEICO employees located in California, GEICO'S current and former Telephone Claims Representatives I ("TCR I"), Telephone Adjuster Examiners I ("TA I"), Telephone Claims Representatives II ("TCR II"), and Telephone Adjuster Examiners II )("TA II") located in twelve major offices around the country are similarly situated.[3] She argues, in this regard, that TCR Is, TA Is, TCR IIs, and TA IIs are essentially performing the same job and are all deemed exempt under the FLSA. *See* Pham Dep. at 16-18,

---

[3]Although the complaint references claims examiners, claims representatives, customer service representatives and liability examiners, Harper's motion papers make it clear that she is only seeking to move on behalf or herself and current and former TCR Is,TA Is, TCR IIs, and TA IIs.

Ex C. to Lesser Dec. Although GEICO acknowledges that Telephone Claims Representative and Telephone Adjuster Examiner are different names for the same job, *see* Def's Mem. at n.1, and that it considers all TCR Is, TA Is, TCR IIs exempt, has one claims manual for all of its employees and uses one Claims IQ program for these employees, GEICO, nonetheless, contends that Harper's collective claim should be limited in scope to TCR IIs employed in the Woodbury, New York office.

GEICO argues that there are significant differences between TCR Is and TCR IIs, which allow a TCR II to exercise discretion and independent judgment. GEICO also argues that there are differences between the tasks performed by TCR IIs in Woodbury and elsewhere in the country. Specifically, GEICO states that the tasks performed by TCR Is and TCR IIs are different in that TCR Is handle property damage claims and first call settlements that do not typically exceed $1000, while TCR IIs handle pain and suffering/bodily injury claims and negotiate settlements with lawyers. With respect to the TCR IIs in the Woodbury office, GEICO contends that these employees perform different tasks from TCR IIs elsewhere in that TCR IIs in Woodbury do not adjust first party medical payment or PIP claims, do not make adjustment to third party medical bills, but can make threshold determinations. GEICO argues, therefore, that the determination of whether these employees were exempt from overtime will involve extremely individualized issues that would not be conducive to a collective action.

Notwithstanding the stated differences in duties, the court finds that conditional certification is appropriate. GEICO acknowledges that it considers all of its TCR Is, TA Is, TCR IIs, and TA IIs to be exempt from the overtime provisions of the FLSA. In fact, GEICO notes in its papers that despite the significance of these differences in duties, TCR IIs in Woodbury are not any more or less qualified for the administrative exemption than TCR IIs elsewhere. Thus

Harper has provided the court with a sufficient factual basis for alleging that the purported members were victims of a common policy.

"It is not necessary for the purposes of conditional certification that the prospective class members all performed the same duties, . . . or worked at the same locations. . . . As long as they were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate." *Cano v. Four M Food Corp.,* 2009 U.S. Dist LEXIS 7780 * 20 (E.D.N.Y. Feb. 3, 2009)(Bianco, J.). Although the difference in duties between TA Is and TA IIs or TA IIs in Woodbury and elsewhere may ultimately be dispositive, those differences are insufficient to defeat Harper's factual showing at this stage in the litigation. *See Wang v. Chines Daily News, Inc.,* 231 F.R.D. 602, 613 (C.D. Cal. 2005)(finding a common question in a class certification case because "[d]efendant cannot, on the one hand, argue that all reporters and account executives are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each reporter and account executive in order to determine whether that individual is 'exempt'").[4] After discovery is complete, the court can then determine whether the opt-in plaintiffs are "in-fact similarly situated to the named plaintiff," and, if appropriate, the action can be de-certified. *Myers,* 624 F.3d at 555. Accordingly, the undersigned recommends that the court conditionally certify the plaintiff's collective action.

The undersigned further recommends that parties be directed to meet and confer to

---

[4]In contrast to the *Amendola* case, District Judge Wexler has not determined that GEICO is likely to succeed in proving that the employees qualify for the administrative exemption. *See Amendola v. Bristol-Myers Squibb Co.,* 558 F. Supp. 2d 459 (S.D.N.Y. 2008). Judge Wexler determined that while GEICO's argument was strong, there was a sharp disagreement concerning the scope of the plaintiff's duties and whether those duties allowed her to exercise the discretion and judgment need to qualify for the exemption especially given the Second Circuit's narrow interpretation of the FLSA exemption provisions.

prepare a proposed notice form to be sent to potential opt-in members and that GEICO be directed to produce an electronic list of collective action class embers including their names, addresses, phone numbers and dates of employment.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on the defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 14, 2011

/s/
ARLENE R. LINDSAY
United States Magistrate Judge