UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CANDACE HARPER,

         Plaintiff,

  -against-

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
         Defendant.
-----------------------------------------------------------X

MEMORANDUM AND ORDER
CV 09-2254
 (Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   2011  ★

LONG ISLAND OFFICE

APPEARANCES:

  KLAFTER OLSEN &LESSER LLP
  BY: SETH R. LESSER, ESQ.
    FRAN L. RUDICH, ESQ.
    JEFFREY A. KLAFTER, ESQ.
  Attorneys for Plaintiff
  2 International Drive, Suite 350
  Rye Brook, New York 10573

  THORNTON & NAUMES, LLP
  BY: ROBERT M. BYRNE, ESQ.
    MARILYN McGOLDRICK, ESQ.
    JOSEPH R. DONOHUE, ESQ.
  Attorneys for Plaintiff
  100 Summer Drive, 30th Floor
  Boston, Massachusetts, 02110

  BERGER ATTORNEY, P.C.
  BY: BRADLEY I. BERGER, ESQ.
  Attorneys for Plaintiff
  321 Broadway
  New York, New York 10007

  SHAWE & ROSENTHAL, LLP
  BY: BRUCE S. HARRISON, ESQ.
    ERIC HEMMINDINGER, ESQ.
  Attorneys for Defendant
  20 S. Charles Street, 11th Floor
  Baltimore, Maryland 21201

  DORSEY & WHITNEY LLP
  BY: LAURA M. LESTRADE, ESQ.

1

Attorneys for Defendant
250 Park Avenue
New York, New York 10177-1500

WEXLER, District Judge

In this case Plaintiff Candace Harper ("Plaintiff" or "Harper") seeks overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and a parallel provision of New York State law, against her former employer, Government Employees Insurance Company ("Defendant" or "GEICO"). Previously before the court was Defendant's motion for summary judgment. That motion argued that Plaintiff is statutorily exempt from the requirement that overtime compensation be paid. This court denied that motion and ordered that the parties begin discovery.

Presently before the court is Defendant's appeal of an order of Magistrate Judge Arlene Rosario Lindsay granting Plaintiff's request for conditional collective action certification pursuant to 29 U.S.C. §216(b). For the reasons that follow, Defendant's objections are overruled and the order of the Magistrate Judge is affirmed.

## DISCUSSION

I. Standard of Review

A motion to authorize a collective action, unlike a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, is a non-dispositive motion upon which a Magistrate Judge has authority to rule. Gortat v. Capala Bros., Inc., 2010 WL 1423018 *8 (E.D.N.Y. 2010); Mazur v. Olek Lejbzon & Co., 2005 WL 3240472 *2 n.1 (S.D.N.Y. 2005). Accordingly, pursuant to Rule 72 of the Federal Rules of Civil Procedure this court will modify or set aside any part of the order appealed from only if such matter is "clearly erroneous or contrary to law." FRCP 72(a).

2

II. <u>FLSA Actions Seeking Overtime Compensation and Certifying a Collective Action</u>

The FLSA requires that those who work more than forty hours per week be compensated at the rate of one and one-half times the minimum wage. 29 U.S.C. § 207(a)(1); <u>Howard v. Port Authority of New York, New Jersey</u>, 684 F. Supp.2d 409, 412 (S.D.N.Y. 2010). In addition to providing for compensation, the FLSA provides that "one or more employees" may move to have their case certified as a collective action "for and in behalf of ... themselves and other employees similarly situated." 29 U.S.C. § 216(b). A court may authorize "condition certification" as a collective action and thereafter authorize the sending of notice to all who may be so similarly situated. Those receiving such notice have the ability to "opt in" as members of the collective action and participate therein. <u>Jason v. Falcon Data Com, Inc.</u>, 2011 WL 2837488 *4 (E.D.N.Y. 2011). Unlike class actions sought to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action may be certified without reference to the factors of numerosity, typicality, commonality or nature of representation. See <u>Moore v. Eagle Sanitation, Inc.</u>, 2011 WL 2784239 *2 (E.D.N.Y. 2011); <u>Young v. County of Nassau</u>, 2010 WL 161593 *1 (E.D.N.Y. 2010). Instead, the court considers only whether the employees to whom notice is requested to be sent are similarly situated to the plaintiff.

The Second Circuit has approved of use of a two step process in the FLSA certification process. See <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 554-55 (2d Cir. 2010). First, the district court makes an initial determination as to whether to send "opt in" notice to individuals who may be similarly situated to the plaintiff and are therefore potential class members. The order to send such notice can be based upon a modest showing of similarity, in that the potential members and the named plaintiff were all "victims of a common policy or plan that violated the law." <u>Myers</u>, 634 F.3d at 555 (citation omitted). Importantly, the first stage of the process, although referred to

as "certification," is merely the exercise of the discretionary power to send out notice to the potential "opt-ins." Myers, 624 F.3d at 555 n.10. At the second stage of the proceeding the court, with the benefit of a "fuller record," can determine whether it is appropriate to continue the matter as a collective action. At that stage, the court can determine whether those who have opted in are, in fact, similarly situated to the named plaintiff. In the event the court finds that such individuals are not so situated, the court may de-certify the collective action. Upon de-certification, the opt in plaintiffs are dismissed and the case proceeds as an action on behalf of only the named plaintiff. Myers, 624 F.3d at 537.

III.  Disposition of the Appeal

The court has reviewed the decision of the Magistrate Judge and the submissions of the parties. Upon that review, the court holds that the decision providing for conditional collective certification and the sending of notice to potential opt-in members of the class should not be disturbed. First, it is clear that the Magistrate Judge applied the correct legal standard, following the procedure set forth in Myers. Thus, that court properly considered whether the modest factual showing necessary to order conditional certification and the sending of opt-in notice was met. In support of the order, the Magistrate Judge noted that the class of employees argued to be similarly situated perform the same essential duties and are all considered as exempt. The employees identified all use the same claims manual and the same "Claims IQ" program. These showings are sufficient to support conditional collective action certification at this point in the proceeding.

Defendant's main objection is that because some discovery has been completed, the Magistrate Judge erred in applying the first tier analysis, as set forth above in Myers. Instead, it is argued that the a more stringent post-discovery analysis should have been applied, and that

4

such analysis would have revealed clearly that the proposed class of opt-in plaintiffs is not, in fact, similarly situated to the Plaintiff. Defendant cites no binding authority for application of such a standard and the court finds none. Instead, courts in this circuit hold generally that until the completion of discovery, the first tier analysis set forth in <u>Myers</u> applies. <u>See, e.g., Jason</u>, 2011 WL 2837488 *4 (second step of <u>Myers</u> inquiry typically occurs "after the completion of discovery"); <u>Cano v. Four M Food Corp.</u>, 2009 WL 5710143 *4 (E.D.N.Y. 2009) (same).

In view of the fact that some, but not all discovery has been completed, the court holds that the Magistrate Judge used the proper legal standard to the assessment of whether a collective action should be conditionally certified. The application of that standard to the facts here was equally appropriate, and was neither clearly erroneous nor contrary to law.

## CONCLUSION

This court has reviewed Defendant's objections to the order of Magistrate Judge Lindsay which granted conditional collective action certification and concludes that the order appealed from should be affirmed. Accordingly, Plaintiff's objections are hereby overruled and the Order of Magistrate Judge Lindsay appearing as docket entry number 46 is affirmed. The Clerk of the Court is directed to terminate the motions appearing at docket entries numbered 36 and 46.

SO ORDERED

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 13, 2011